Opinion by
Orlady, J.,
The defendants are lessees of a property in Philadelphia in which entertainments are given, and they pay a fee of $100 annually to the city for the conduct-of a moving picture place, in accordance with a city ordinance, approved February 20, 1908, which provides that the ordinance does not apply to theaters and other places of public amusement, which are otherwise obliged under existing laws to pay license fees to the commonwealth or to the city.
The case stated submitted for decision presents the facts, acts of assembly and the ordinance, and the only question involved is whether the Act of June 24, 1895, P. L. 249, with its supplement of May 23, 1907, P. L. 219, shall be construed so as to include the property and business leased and conducted by these defendants, under the statutory expression of “a theatrical or operatic entertainment.” If these words comprehend the operation as conducted by the defendants they should pay a fee of *63 $500, to the use of the commonwealth. The learned court below entered judgment on the case stated in favor of the defendants and it is now presented for review on the appeal of the commonwealth.
These acts of assembly refer to "building or buildings, the whole or part of which are fitted up and used for theatrical or operatic entertainments.” The ordinance provides for issuing a license "to exhibit in any building, garden, grounds, concert room, saloon, or other place or places, or in any room or other enclosure within the city, ‘any moving picture exhibition,’” under certain restrictions, etc.
The business of the defendants is a development of the exhibition and entertainment profession, and as shown by the programme, recited at length in the case stated, the building in which the entertainment is conducted is arranged to make the various parts and specialties as attractive as possible. The moving picture exhibitions are alternated with performances by artists in physical action and vocal musical entertainment.- The interior of the building is fitted up with the usual accessories to exhibit the items on the programme, three of which are designated as “Life Motion Pictures,” and six additional ones are described as — “Sketches by comedy singers and dancers in costume, minstrel performances, sleight of hand performances and sketches representing kinds of dramatic art for the amusement and entertainment of the audiences.” These different parts are exhibited in a "building which is equipped with a small stage; sheet curtain upon which the moving pictures are displayed which is also used for a drop curtain; a street curtain; two wings; two borders; two tormentors, and one curtain in the rear to hide the rear wall, and is also designed and constructed according to the laws relative to moving picture parlors and has no balcony.” The time allotted to each act or programme item, or the internal arrangement of the room are not controlling if the exhibition given in the building can be reasonably brought within the meaning of the words of *64 the acts of assembly, '(for theatrical or operatic entertainments.”
The words “moving picture shows” designate a recent style or type of entertainment which is new and independent in feature and style from the ones formerly in vogue. The entertainment presented by the defendants represents this modern novelty combined and associated with other forms and methods of exhibition of much older fame, and when assembled in a programme of the different kinds of performances and views, come clearly within the term of “a theatrical or operatic entertainment.” Music, costumed actors, scenic effects, on an arranged stage, minstrel performances, sketches of dramatic art, are not associated with a moving picture exhibition as such, but supplement that phase of entertainment so as to make the whole programme a theatrical exhibition, and the place where it is given may properly be called a theater, or building specially fitted up for this combination of amusements. The performance or entertainment determines the character of the place!
The legislative meaning of the quoted words is free from doubt whether the construction is strict or liberal. Strict construction, as applied to statutes, only means that the words used are not to be so extended by implication beyond their legitimate import, and embrace cases or acts not clearly described by such words and to bring them within the prohibition or penalty of the statute. It' does not mean that words shall be so restricted as not to have their full meaning, but that everything shall be excluded' from the operation of the statute so construed which does not clearly come within the meaning of the language used: 26 A. & E. Ency. of L. (2nd Ed.) 657. The rule that penal statutes are to be strictly construed is not violated by allowing their words to have full meaning, or even the more extended of two meanings, where such construction best harmonizes with the context and most fully promotes the policy and objects of the legislature: Dwarris’ Stat.246.
The title and context of the acts of assembly indicate *65 that it was the legislative intent to provide for the licensing of buildings and other places, not only where theatrical and operatic entertainments are exhibited, but also places — tents and inclosures where circuses, menageries and museums are displayed. The words “theatrical or operatic entertainments” have such a variety and shade of meaning, both in the dictionary and popular sense, that when we consider the size and arrangement of the defendant’s building; its structural arrangement with stage and scenic appliances; its seating capacity for 625 persons; the grouping of its programme exercises for the exhibition of theatrical and operatic talent, in addition to its special item of a moving picture show, it is clearly within the words of the acts of 1895 and 1907, and is liable for the annual license fee therein fixed.
The subject is carefully reviewed'in Bell v. Mahn, 121 Pa. 225, and in Oellers v. Horn, 3 Pa. Superior Ct. 537, so that it is not necessary to review the distinctive differences between the old and modern theater, opera, vaudeville and other additions or amendments of the earlier forms of entertainment. The present type as presented by the defendants is a combination of the things in whole or in part that are believed to be the most popular, and as such combination it is a theatrical entertainment.
The judgment is reversed, the record to be remitted with a procedendo.